**UDALL LAW FIRM, LLP**
ATTORNEYS AT LAW
2198 E. CAMELBACK ROAD, SUITE 375
PHOENIX, AZ 85016
T 602.222.4848
F 602.222.4858

Lee Allen Johnson (#009141)
ljohnson@udalllaw.com
Elizabeth L. Fleming (#025322)
efleming@udalllaw.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John D. Thompson, | No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| City of Lake Havasu City, a political subdivision of the State of Arizona; Michael W. Fuller and Jane Doe Fuller, husband and wife; and Jonathan K. Gray and Jane Doe Gray, husband and wife, | |
| Defendants. | |

Plaintiff John D. Thompson, for his complaint against the Defendants named herein, alleges:

### DESCRIPTION OF THE ACTION

1.    This is an action under the Federal Civil Rights statute, 42 U.S.C. § 1983, seeking damages against officers of the Lake Havasu City Police Department who, acting under color of state law, deprived Plaintiff of valuable personal property without due process of law in violation of Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution.

/ / /

2.     The action also asserts a claim against the police officers under state law for conduct falling below the standard of care of reasonable, prudent, and adequately trained police officers under the circumstances described herein, for which their employer, the City of Lake Havasu City, is liable under the doctrine of *respondeat superior*.

## PARTIES, JURISDICTION, AND VENUE

3.     Plaintiff John D. Thompson ("Thompson") is an individual, who is a citizen of the United States and a resident of the State of South Carolina.

4.     Defendant City of Lake Havasu City ("City") is a political subdivision of the State of Arizona and is now and was at all times relevant hereto the employer, master and/or principal of the police officer defendants named herein.

5.     Defendant Michael W. Fuller ("Fuller") is now and was at all times relevant hereto a sworn law enforcement officer with the Lake Havasu City Police Department (the "Department") and an employee of the City.

6.     Jane Doe Fuller, whose true name is presently unknown to Plaintiff, is, upon information and belief, the spouse of Fuller, whose actions alleged herein were, upon information and belief, undertaken for the benefit of the Fuller marital community, and is named herein pursuant to A.R.S. § 25-215(D).

7.     Defendant Jonathan K. Gray ("Gray") is now and was at all times relevant hereto a sworn law enforcement officer with the Department and an employee of the City.

8.     Jane Doe Gray, whose true name is presently unknown to Plaintiff, is, upon information and belief, the spouse of Gray, whose actions alleged herein were, upon information and belief, undertaken for the benefit of the Gray marital community, and is named herein pursuant to A.R.S. § 25-215(D).

9.     This case arises under the United States Constitution and 42 U.S.C. § 1983. This Court has subject matter jurisdiction of the claims asserted in this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

/ / /

UDALL LAW FIRM, LLP
2198 E. CAMELBACK ROAD, SUITE 375
PHOENIX, AZ 85016
T 602.222.4848

**FACTS**

11. In July of 2015, Plaintiff bought a high-speed powerboat (the "Boat") from Offshore Custom Marine ("Offshore") in Lake Havasu City, Arizona.

12. Offshore, located on Industrial Boulevard near the Lake Havasu State Park boat ramps, was operated by non-party Timothy McDonald ("McDonald").

13. The Boat was offered for sale complete with twin outboard engines and a custom trailer. Thompson found Offshore's advertisement for the Boat on the internet, contacted McDonald, and negotiated a purchase contract.

14. On July 13, 2015, Thompson signed the sales contract and sent his down payment. On July 15, 2015, he wired the balance of the purchase price, and McDonald sent him the bill of sale.

15. The price he paid, $40,600, was in the range he expected for a boat of this age and condition and based on his thorough survey of the market.

16. The purchase price of the Boat included delivery to Thompson in South Carolina. During transport, each of the four tires on the tandem axle trailer blew out at different times, causing damage to the Boat and trailer.

17. When the Boat arrived in South Carolina, Thompson contacted McDonald regarding the damage. McDonald said that Offshore's insurance would pay to have the Boat returned to a factory-authorized repair station in El Segundo, California, for repair, and then returned again to South Carolina. Thompson accepted this plan.

18. McDonald then arranged for Doug Parks, a Lake Havasu City boat transporter, to pick up the Boat in California for re-delivery to Thompson in South Carolina once the work was completed.

19. On November 19, 2015, the repair facility notified Parks that the Boat was ready. The next morning, Parks drove from Lake Havasu City to El Segundo, picked up the Boat, and returned to Lake Havasu City for the night, before beginning the rest of his eastbound trip.

/ / /

UDALL LAW FIRM, LLP
2198 E. CAMELBACK ROAD, SUITE 375
PHOENIX, AZ 85016
T 602.222.4848

20. When Parks reached home that evening, however, he was confronted by non-party Dennis Kropp ("Kropp") and three associates who were intent on taking possession of the Boat.

21. Kropp was the customer who had consigned the Boat to Offshore for sale, and Kropp knew that Offshore was a merchant selling boats.

22. For some weeks after the Boat left Offshore, Kropp had a number of conversations with McDonald about when he would get his money. McDonald told him the Boat was at the factory for some repair work ordered by the buyer, and that the money would be paid when the work was completed.

23. Eventually, however, McDonald stopped returning Kropp's calls, and Offshore went out of business. Kropp learned that several other boat sellers claimed not to have been paid by Offshore, and that Fuller was leading a criminal investigation of McDonald by the Department.

24. On or about November 20, 2015, Kropp met with Fuller and explained to Fuller that McDonald had apparently sold the Boat, but that Kropp had not been paid, and that Kropp regarded himself as still the owner of the Boat.

25. Fuller improperly and incorrectly assured Kropp that Kropp was indeed the lawful owner of the Boat, and told Kropp that if Kropp could locate the Boat, the Department would assist him in its recovery.

26. In truth and in fact, Thompson was a good faith purchaser of the Boat from McDonald, a merchant dealing in boats, and was therefore the rightful and lawful owner of the Boat whether or not McDonald ever paid Kropp any portion of the sales proceeds.

27. On November 20, 2015, Kropp learned that Parks was taking the Boat to South Carolina, and would be stopping at home in Lake Havasu City on the way. Kropp and his friends then staked out Parks' home and waited for Parks' arrival.

28. When confronted by Kropp, Parks refused to hand over the Boat. Kropp then called the Department, and the Department sent Gray to the scene. Kropp again asserted

UDALL LAW FIRM, LLP
2198 E. CAMELBACK ROAD, SUITE 375
PHOENIX, AZ 85016
T 602.222.4848

4

that he was still the Boat's owner, and requested Gray's assistance in taking possession of the Boat from Parks.

29. Parks told Gray that he had been hired to deliver the Boat to Thompson; that Thompson had purchased the Boat from McDonald; and he gave Thompson's telephone number to Gray.

30. Gray wrote down Thompson's telephone number, but made no attempt to call Thompson. Instead, Gray ordered Parks to release the Boat to Kropp.

31. By his actions, statements, and demeanor, Gray made it clear to Parks that Parks would be arrested and taken to jail if he failed to release the Boat to Kropp.

32. Rather than face the prospect of going to jail, Parks did as Gray ordered and gave Kropp possession of the Boat.

**FIRST CLAIM FOR RELIEF**
**<u>42 U.S.C. § 1983</u>**

33. The preceding allegations of this complaint are incorporated by this reference.

34. Like any citizen of this country, Thompson at all times has had the clearly established rights under the Fifth and Fourteenth Amendments to the United States Constitution to not be deprived of his property through governmental action without due process of law.

35. Fuller and Gray, acting in their capacities as law enforcement officers, were at all times herein acting under color of law of the State of Arizona.

36. The actions of Fuller and Gray as set forth herein led directly to Thompson being deprived of his property without so much as even prior notice, let alone any lawful judicial process.

37. As a direct and proximate result of Fuller and Gray's violations of Thompson's constitutional rights, Thompson suffered damages which he is entitled to recover pursuant to 42 U.S.C. § 1983 in an amount to be proven at trial.

/ / /

/ / /

UDALL LAW FIRM, LLP
2198 E. CAMELBACK ROAD, SUITE 375
PHOENIX, AZ 85016
T 602.222.4848

## SECOND CLAIM FOR RELIEF
### Negligent Police Misconduct

38.    The preceding allegations of this complaint are incorporated by this reference.

39.    As police officers of the State of Arizona, Fuller and Gray owe duties to citizens whose interests might be affected by their actions.

40.    These duties include the responsibility to conduct themselves in accordance with standards of professional conduct recognized by major law enforcement associations, law enforcement executives, and leading educational and training institutions and government agencies.

41.    Fuller and Gray exceeded their authority, and their actions did not conform to contemporary police policies, practices, and training, when they purported to determine that Kropp was the legal owner of the Boat.

42.    The only appropriate role for Gray to have played in the November 20, 2015, confrontation between Parks and Kropp would have been to advise both parties to seek legal advice if they could not agree between themselves who had a legal right to possess the Boat.

43.    Gray's actions gave the appearance that he had the legal power under color of state law to determine lawful possession, as well as the power to enforce possessory rights. Doing so, Gray improperly facilitated an unlawful act of conversion committed by Kropp in commandeering possession of the Boat.

44.    The actions of Fuller and Gray fell below the standard of care expected of law enforcement officers.

45.    But for the actions of Fuller and Gray, Kropp would not have succeeded in unlawfully converting Thompson's property.

46.    The City is jointly and severally liable with Fuller and Gray for the damages suffered by Thompson as the proximate result of the actions of Fuller and Gray in an amount to be proven at trial.

## JURY DEMAND

Plaintiff hereby requests a jury trial as to all issues in this action.

6

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff John D. Thompson prays for judgment as follows:

A.     Against Defendants Fuller and Gray, jointly and severally, for all actual and consequential damages recoverable under 42 U.S.C. § 1983 for the actions alleged herein, in an amount to be proven at trial;

B.     Against Defendant City of Lake Havasu City for all actual and consequential damages caused by the actions of Fuller and Gray alleged herein, in an amount to be proven at trial;

C.     For an award of attorneys' fees incurred in this action pursuant to 42 U.S.C. § 1988;

D.     For Plaintiff's costs; and

E.     For such other and further relief as the Court deems just in the premises.

RESPECTFULLY SUBMITTED this 17th day of November, 2016.

UDALL LAW FIRM, LLP


By _/s/ Lee Allen Johnson_
      Lee Allen Johnson
      Elizabeth L. Fleming
      Attorneys for Plaintiff

UDALL LAW FIRM, LLP
2198 E. CAMELBACK ROAD, SUITE 375
PHOENIX, AZ 85016
T 602.222.4848